# UNITED STATES DISTRICT COURT
for the
District of Colorado

| | |
|---|---|
| In the Matter of the Search of ) | |
| ) | Case No. 24-sw-1707-MEH |
| Luis Moreno-Poey for DNA evidence through buccal ) | |
| swabs, also known as saliva swabs, ) | |
| more fully described in Attachment A, attached ) | |
| hereto ) | |
| ) | |

**APPLICATION FOR A SEARCH WARRANT**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

**SEE "ATTACHMENT A"**, which is attached to and incorporated in this Application and Affidavit

located in the ___State and___ District of ___Colorado___, there is now concealed *(identify the person or describe the property to be seized)*:

**SEE "ATTACHMENT B"**, which is attached to and incorporated in this Application and Affidavit

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☒ evidence of a crime;

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 18 USC §§ 1029(a)(4) and 2 | Fraudulently Possessing and Trafficking in Device-Making Equipment |
| 18 USC §§ 1029(a)(3) and 2 | Fraudulently Possessing Counterfeit or Unauthorized Access Devices |

The application is based on these facts:

X  Continued on the attached affidavit, which is incorporated by reference.

*s/ Derek Booth*

Derek Booth, Special Agent U.S. Secret Service
*Printed name and title*

Sworn to before me and: ☐ submitted, attested to, and acknowledged by reliable electronic means.

Date: 12/13/2024

*Michael E. Hegarty*
*Judge's signature*

City and state: Denver, CO

Michael E. Hegarty, U.S. Magistrate Judge
*Printed name and title*

**ATTACHMENT A**

**DESCRIPTION OF PERSON TO BE SEARCHED**

The person known as Luis Moreno-Poey, born March 20, 1989, who is currently residing in the Denver Metropolitan Area in Colorado and is currently facing various federal charges within the District of Colorado, in connection with an Indictment returned in criminal case no. 24-cr-00133-PAB, charging various fraud offenses.  Moreno-Poey was previously arrested by federal agents on May 3, 2024, in connection with the above charges and he was later released on pretrial release conditions and he is awaiting trial in his federal case currently scheduled for April 7, 2025.

## ATTACHMENT B

### DESCRIPTION OF ITEMS TO BE SEIZED AND SEARCHED

Buccal swabs, also known as saliva swabs, from the person identified in Attachment A to obtain DNA for a comparison with evidence collected in this investigation.

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Derek Booth ("Affiant"), am a Special Agent with the United States Secret Service ("USSS"), being duly sworn, hereby depose and state that the following is true to the best of my information, knowledge and belief:

1. I am a Supervisory Special Agent with the U.S. Secret Service in the Denver Field Office and am currently assigned as the coordinator with the Mountain West Cyber Fraud Task Force. I have been a Special Agent for over twenty-five years and have conducted investigations of various offenses including: Credit Card Fraud, Credit Card Skimming, ATM Skimming, Network Intrusion attacks, Financial Crimes, and other persons, property, and cybercrimes. I have received extensive training and have experience in the use of investigative methods related to computers, mobile devices, credit card skimmers, and electronic-based crimes. I have general and specialized training in traditional methods of investigation, including but not limited to the general questioning of witnesses and suspects, the review of phone and computer records, physical surveillance, and the detection and collection of physical evidence. I have investigative experience and have executed several search warrants in cases involving computers, mobile devices, electronic evidence, and credit card skimmers. I also regularly consult with other experienced law enforcement officers, special agents, and computer analysts who have likewise participated in these types of investigations.

2. In my position, I am familiar with federal criminal laws pertaining to fraud and related activity in connection with stolen and counterfeit access devices (i.e. clone cards), device-making equipment (i.e., skimmers), aggravated identity theft and similar violations found at 18 U.S.C. §§ 1029 and 1028A.

3. I am an investigative, or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510 (7), in that I am an officer of the United States who

is empowered by law to conduct investigations and make arrests for the offenses enumerated in Titles 18 of the United States Code.

4. The statements contained in this affidavit are based, in part, on information and conversations provided by fellow USSS special agents, other law enforcement officers, and reports provided by laboratory analysts with USSS and the FBI. I have included facts necessary to establish probable cause and have not included each and every fact known to me concerning this investigation. I have not intentionally omitted facts that tend to mitigate probable cause.

5. This affidavit is presented in support of an Application for a warrant to search for and collect a DNA sample (i.e. a buccal swab), as specified in Attachment B, from Luis Moreno-Poey, as specified in Attachment A, both of which attachments are incorporated by reference. Because this affidavit is submitted for this limited purpose, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are required to establish the necessary foundation for an order authorizing the collection of DNA from Luis Moreno-Poey.

## FACTS IN SUPPORT OF AFFIDAVIT

### Overview of Current Investigation and Pending Prosecution

6. On April 25, 2024, a federal grand jury within the District of Colorado returned a seven count indictment against Luise Moreno-Poey ("Moreno-Poey"), case no. 24-cr-133-PAB. The indictment alleges:

> *Counts 1 and 3* – fraudulently possessing and trafficking in device-making equipment in violation of 18 USC §§ 1029(a)(4) and (2)
>
> *Counts 2 and 4* – fraudulently possessing counterfeit or unauthorized access devices in violation of 18 USC §§ 1029(a)(3), (b)(1) and 2.
>
> *Count 5* – fraudulently possessing and trafficking in device-making equipment in violation of 18 USC §§ 1029(a)(4).
>
> *Count 6* - fraudulently possessing counterfeit or unauthorized access devices in violation of 18 USC §§ 1029(a)(3).

*Count 7* – Aggravated Identity Theft in violation of 18 USC 1028A and 2.

7. Based on your Affiant's review of the filings in the criminal case, Moreno-Poey was previously arrested by federal agents on May 3, 2024, in connection with the above charges and he was later released on pretrial release conditions. He is currently residing in the Denver Metropolitan Area in Colorado. He is awaiting trial in his federal case currently scheduled before the District Court on April 7, 2025.

8. Your Affiant participated in the underlying investigation which led to the Indictment against Moreno-Poey. Among other things, your Affiant assisted in the investigation by: questioning witnesses and subjects, reviewing records, collecting evidence from search warrants, reviewing records and electronic devices, analyzing physical evidence, and communicating with fellow law enforcement personnel. Some of the specific details of the investigation are set forth below.

9. Specifically, as it relates to Counts 1 and 2, your Affiant and fellow law enforcement agents collected evidence which showed that on December 17, 2020, the Fort Collins Police Department (as detailed below) seized nine skimmers from a Valero gas station located 803 Riverside Ave., Fort Collins, Colorado. After conducting a more detailed forensic examination of the nine skimmers, your Affiant and other USSS Agents determined that the nine skimmers were in fact device-making equipment (see 18 U.S.C. § 1029(e)(6) ). My analysis determined that the skimmers were mechanisms or pieces of equipment designed or primarily used for making an access device or a counterfeit access device through the secret collection of individuals' bank or credit account information.

10. Your Affiant submitted the nine skimmers for further testing to the FBI Laboratory (as detailed below) related to DNA analysis. The FBI Laboratory determined that one of the skimmers contained DNA material which further showed a possible DNA association to

Moreno-Poey when entered into a national DNA database. To positively confirm a DNA match between Moreno-Poey and the DNA material found on the illegal skimmer seized by Fort Collins Police, the FBI Laboratory currently requires a buccal swab from Moreno-Poey. Such a buccal swap from Moreno-Poey will then allow the FBI Laboratory to make a direct comparison and determine a conclusive match (or elimination) between Moreno-Poey and the DNA material found upon the skimmer. Such evidence in turn would provide evidence linking Moreno-Poey to the possession of such skimmer and its contents.

11. Accordingly, the purpose of this Application is to set forth probable cause to support the issuance of a search warrant to collect a sample of buccal cells from Moreno-Poey for purposes for conducting further DNA forensic analysis by the FBI.

### Initial Search of Moreno-Poey's Residence and Truck 5/13/21

12. On May 13, 2021, U.S. Magistrate Judge N. Reid Neureiter approved five related search warrants based on an affidavit submitted by USSS Special Agent Marco Lopez-Romero . The search warrants authorized SA Lopez-Romero and fellow agents including myself to search two apartments and three vehicles located in Denver, Colorado, for evidence and instrumentalities used in the commission of various offenses. The warrants authorized agents to search for evidence involving the fraudulent production of and use of counterfeit access devices, the fraudulent possession of device-making equipment, and conspiracy in violation of 18 U.S.C. §§ 1029 (a)(1), (a)(4) and (b)(1).

13. On May 13, 2021, SA Lopez-Romero, your Affiant, and fellow agents executed the warrants -- one of which included searching the primary residence of Luis Moreno-Poey (d.o.b. 3/20/1989), located at 9100 East Florida Ave., Apt. #1-202. (Search Warrant #21-sw-00544-NRN). In addition, agents searched a vehicle driven and controlled by Moreno-Poey which was a white, Isuzu flat-bed commercial truck. (Search Warrant #21-sw-00548-NRN).

14. As a result of above two searches, agents recovered numerous pieces of evidence linking Moreno-Poey to fraudulent activity involving counterfeit access devices and skimmers. For example, on May 13, 2021, during the search of Moreno's residence, SA Lopez-Ramirez' located an item which linked Moreno to the Isuzu truck. Specifically, the agent found the original State of Colorado Certificate of Title for Subject Vehicle 1 in the name of original owner Jorge Ramirez. The rear of the Title displayed the signature of Jorge Ramirez and Luis Moreno acknowledging sale of the vehicle and odometer reading from Ramirez to Moreno dated 9/4/2020. SA Jaamal Hairston later conducted additional follow-up investigation and determined that the vehicle key for the Isuzu truck was located within Moreno's apartment. Inside the truck, SA Lopez-Ramirez also seized a total of 11 skimmers some of which were concealed within a speaker box to avoid discovery.

15. On May 14, 2021, and at later dates and times, your Affiant, who has specialized training and experience regarding skimmers, conducted an examination of each of these skimmers. Your Affiant determined that the various skimmer devices appeared to have been designed for purposes of being concealed within fuel pumps in order to secretly collect financial data from customers' bank and/or credit cards. I determined that the wiring, circuitry and configuration on each of the devices was consistent with multiple skimmers I have examined and analyzed in other investigations. In addition, during one of my later examinations of the skimmers, I determined that a number of the skimmers were also storing electronic data such as customers' account numbers and customer names.

16. On May 13, 2021, during the execution of the five search warrants, SA Lopez-Ramirez and I also contacted and questioned one of the subjects of the investigation, Livan Gallardo Escobar ("Gallardo"), who was living in the another apartment which agents also searched that day. Gallardo admitted to SA Lopez-Ramirez that he participated in an illegal skimming activity with Moreno-Poey, stating among other things:

- Gallardo acted as 'look out' while Moreno installed/removed devices

- Gallardo identified a white laptop computer as the computer Moreno used to transfer information from the skimmer devices onto a computer

- Moreno provided Gallardo a cellular phone

- Gallardo stated he and Moreno used a white pick-up truck to 'pump gas' and a silver pick-up truck to place and remove skimmers.

**Recovery of Skimmers Discovered at Valero Station on 12/17/20**

17. On May 4, 2021, SA Lopez-Ramirez spoke with Jennifer Salazar ("Salazar"), Moreno-Poey's wife[1]. Salazar informed SA Lopez-Ramirez of the following among other things:

- Between September and December of 2020, Moreno-Poey installed and/or operated credit card skimmers at the Valero gas station located at 803 Riverside Ave., Fort Collins, Colorado.

- Between September and December of 2020, Moreno-Poey would return at night time to retrieve via a Bluetooth device the credit card numbers that Moreno-Poey previously installed at the same gas station

- Moreno-Poey then used the credit card numbers retrieved form the Valero skimmers to get cash at ATMS and to make fraudulent credit card purchases

18. Upon learning from SA Lopez-Rarmirez that Moreno-Poey may have been connected to illicitly placing skimmers at a Valero Station in Fort Collins back in December of 2020, I reviewed various police reports that I had previously collected as part of an earlier investigation. Specifically, on December 17, 2020, Fort Collins Police Department ("FCPD") Officer Avery Hanzlicek responded to a Valero fueling station located at 803 Riverside Ave., Fort Collins, Colorado. At that time, a Valero employee reported that there was an unauthorized skimming device located within one of the store's gas pumps. After conducting additional investigation, Officer Hanzlicek determined that there were in facts nine separate skimming devices hidden

---

[1] Jennifer Salazar was initially identified by SA Lopez-Rarmirez's in search warrant affidavits as a "Source of Information ("SOI")". Later, in the pending federal case against Moreno-Poey, Salazar's identity was disclosed to defense counsel and it is no longer being withheld by the Government.

within multiple gas pumps at the Valero Station.   It appeared to the officer that the devices were deployed in a manner designed to commit fraudulent credit card activity. Officer Hanzlicek collected the nine skimmers and booked them into evidence.

19.   On January 7, 2021, I responded to the Fort Collins Police Department ("FCPD") and collected the nine skimmers which patrol officer Avery Hanzlicek had earlier recovered from the Valero Station back on December 17, 2021.   I later examined the nine skimmers and concluded that such devices appeared to be device-making equipment, commonly referred to as skimmers, specifically designed for and capable of secretly collecting financial data from customers' bank and/or credit cards.  In addition, my analysis of the skimmers from Valero determined that a number of them contained unauthorized access devices (commonly referred to as stolen customer bank card data).

20.   As of May 11, 2021, I was assisting SA Lopez-Ramirez in his investigation into Moreno-Poey and his skimming activity.   Based on information being developed by SA Lopez-Ramirez, I submitted the nine skimmers recovered by FCPD at the Valero Station to the Forensics Services Division ("FSD") of the US Secret Services.  One of my purposes for submitting the skimmers to FSD was determine if any physical evidence, such as fingerprints or DNA, could be collected from the skimmers showing a connection to Moreno-Poey or others. Based on an FSD laboratory report dated May 18, 2021, all nine of the skimmers were examined for latent prints and the circuit boards were swabbed for DNA testing.  Ultimately, the FSD laboratory determined that there were no latent fingerprints suitable for comparison.  However, various DNA swabs were successfully collected from various skimmers and were forwarded to the FBI Laboratory for further analysis.

21.    I later obtained and reviewed an FBI Laboratory Report dated November 1, 2021, in connection with this investigation.   Among other things, the FBI Report indicated that, among other things, a successful DNA swab was taken from one of the nine skimmers collected by Fort

Collins police. Later, the DNA swab from the one skimmer was analyzed by FBI forensic analyst Marroy Gage of the DNA Casework Unit. According to the Analyst Gage's report, the FBI Laboratory determined that one of DNA swabs taken from one of the skimmers "indicated a possible DNA association" with an individual identified as Luis Alberto Moreno-Poey, date of birth 3/20/1989. The FBI Laboratory determined the linkage between the swab and Moreno-Poey by checking the FBI CODIS database (combined DNA Index System). Notably, the FBI Laboratory report further stated that: "Confirmation samples from the identified suspect[] must be acquired to provide conclusions about these possible DNA associations." The FBI Laboratory report further stated that in order to perform the necessary direct forensic comparison to support of its initial determination that Moreno-Poey's DNA was found on the skimmer, the laboratory required a known blood sample or buccal swab from Moreno-Poey,

22. Therefore, your Affiant's Application for search warrant seeks authorization to obtain buccal swabs from Moreno-Poey to allow for a direct comparison which will forensically confirm that DNA matter found on the skimmer recovered by Fort Collins Police on December 17, 2020, was directly attributed to and connected to Moreno-Poey.

## DNA Analysis

23. Based upon your Affiant's experience and training, your Affiant knows DNA, or deoxyribonucleic acid, is the fundamental building block of an individual's entire genetic makeup, and unique to each person. DNA can be found in a person's blood, hair, saliva, and even on items that have been in contact with a person's body. For example, it is common to find an individual's DNA on their clothing, their toothbrush, or a firearm they have possessed. Moreover, the collection of buccal cells from an individual, as requested in this search warrant, provides a laboratory with a sufficient sample of DNA to compare to DNA recovered on pieces of evidence in a criminal investigation, such as clothing, a firearm or electronic components.

24. Based on my training and experience, I know that individuals who touch or handle physical objects, including skimmers and electronic componentry connected with the circuit boards of skimmers, often leave trace amounts of biological material on those objects. I know that laboratory testing of that biological material can provide DNA evidence that can be compared to other DNA samples to identify the person from whom the biological material came. I know that for such comparison, it is possible to obtain a buccal swab of the inside of an individual's cheek in order to obtain DNA samples for testing.

25. Thus, a sample of cells from the interior cheek/saliva of Moreno-Poey (also known as buccal cells) can be used in DNA analysis. Specifically, the DNA profile can be extracted from these samples and the profile can then be created. Here, according to the FBI Laboratory report dated November 1, 2021, the FBI Laboratory already obtained a successful profile from one of the skimmers seized by the Fort Collins PD which was submitted by your Affiant for testing. In order for the FBI Laboratory to positively confirm a match with Moreno-Poey, a DNA buccal swab from Moreno-Poey is a necessary piece of evidence which must be collected. The results of the FBI comparison can then be used in ongoing federal prosecution of Moreno-Poey.

26. Therefore, your Affiant seeks buccal swabs from Moreno-Poey for DNA analysis to either exclude or include his DNA, in connection with showing Moreno-Poey's possession of the seized skimming device and unauthorized account numbers stored within such device.

## **CONCLUSION**

27. Based on the investigation described above, probable cause exists to believe that at the premises (the person) located at the place described in Attachment A, will be found evidence (described in Attachment B) connecting Luis Moreno-Poey to the commission of the offenses of Fraudulently Possessing and Trafficking in Device-Making Equipment in violation of 18 USC §§ 1029(a)(4) and 2, and Fraudulently Possessing Counterfeit or Unauthorized Access Devices in violation of 18 USC §§ 1029(a)(3) and 2.

28. Based upon these facts, I request that a search warrant be issued to collect a sample of buccal cells for forensic analysis. I believe that the interior oral cheek scrapings sought to be obtained would, when submitted for laboratory analysis, confirm the presence of biological evidence tending to demonstrate Moreno-Poey's commission of the offenses set forth herein.

29. I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge and belief.

Respectfully Submitted,

*s/ Derek Booth*
Derek Booth
Special Agent, U.S. Secret Service

Subscribed and Sworn before me this __13th__ day of December, 2024.

*Michael E. Hegarty*
United States Magistrate Judge
District of Colorado

**Application for search warrant was reviewed and is submitted by Tim Neff Assistant United States Attorney.**